UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sarprio Doranti,                                                Court File No. 15-cv-3119 (DWF/LIB)

          Plaintiff,

   v.                                                            **REPORT AND RECOMMENDATION**

Kevin Moser, et al.,

          Defendants.

---

This matter came before the undersigned United States Magistrate Judge upon Defendant's Motion to Dismiss, [Docket No. 12]; and upon Plaintiff's Notice of Dismissal Without Prejudice, [Docket No. 22]. On October 21, 2015, the Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, referred all dispositive motions in the present case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (Order of Reference, [Docket No. 11]).

Plaintiff initiated the present case on July 23, 2015, by filing his Complaint, [Docket No. 1]. On October 21, 2015, Defendants filed their Motion to Dismiss, [Docket No. 12]. On October 22, 2015, the Court issued an Order, [Docket No. 18], setting forth that it would take Defendants Motion to Dismiss, [Docket No. 12], under advisement on the parties' written submission on November 25, 2015.

On November 16, 2015, Plaintiff filed a Notice of Dismissal Without Prejudice, [Docket No. 22], seeking to voluntarily dismiss the present case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

In pertinent part, Fed. R. Civ. P. Rule 41 provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer

or a motion for summary judgment. Defendants have not filed an answer or a motion for summary judgment, only their Motion to Dismiss, [Docket No. 12]. A defendant's filing of a motion to dismiss may preclude voluntary dismissal by a plaintiff only if the reviewing court is required to treat the motion to dismiss as a motion for summary judgment, i.e., when the reviewing court considers matters outside the pleadings in ruling on the motion. See, e.g., Nix v. Fulton Lodge No. 2 of Int'l Ass'n of Machinists & Aerospace Workers, 452 F.2d 794, 797 (5th Cir. 1971). In the present case, the undersigned has not considered any matters outside the pleadings with regard to the motion to dismiss, which is, in fact, not yet even under advisement. Accordingly, Plaintiff is entitled, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), to dismiss the present action and Defendant's Motion to Dismiss, [Docket No. 12], it moot.

For the foregoing reasons, the Court recommends **DISMISSING** the present action without prejudice and **DENYING** Defendant's Motion to Dismiss, [Docket No. 12], as moot.

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That this case be **DISMISSED** without prejudice; and,

2. That Defendants' Motion to Dismiss, [Docket No. 12], be **DENIED as moot**, as set forth above.

Dated: November 19, 2015                              s/Leo I. Brisbois
                                                      Leo I. Brisbois
                                                      U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served

with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.